FILED

2014 NOV 14 PM 2:18

MIDDLE ... FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN YOUNG

Case No. 3:14-cv-1405-J-20MCR

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY, F/K/A
JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY

A Foreign Corporation,

Defendant.

## COMPLAINT

The Plaintiff, Stephen Young, by and through undersigned counsel, hereby sues THE LINCOLN NATIONAL LIFE INSURANCE COMPANY F/K/A JEFFERSON PILOT FINANCIAL INSURANCE COMPANY ("LINCOLN NATIONAL") and alleges:

### GENERAL ALLEGATIONS

1.   This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2.   This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3.   Venue is proper in the United States District Court for the Middle District of

Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Mr. Young was covered under policies of short and long-term disability insurance through the Defendant LINCOLN NATIONAL.

5. Defendant, LINCOLN NATIONAL is a foreign corporation doing business in Nassau County, Florida.

6. At all times material hereto, Mr. Young was covered under an employee welfare benefit plan sponsored by his employer, which provided short and long-term disability insurance benefits through a policies of disability insurance funded and administered by the Defendant LINCOLN NATIONAL as well as other valuable benefits, copies of which are attached hereto as Composite Exhibit "A."

7. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8. The policies of disability insurance which fund these benefits are both underwritten and administered by LINCOLN NATIONAL, which was the fiduciary of the employee benefits plan established by Mr. Young's employer, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1), a copy of which is attached hereto as Exhibit "A."

9 Defendant LINCOLN NATIONAL is and/or was at all times relevant to this

litigation a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

10. Defendant LINCOLN NATIONAL makes the final decision to deny claims under the policies of disability insurance providing benefits to Mr. Young and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between LINCOLN NATIONAL's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

11. Defendant LINCOLN NATIONAL has a serious conflict of interest and Defendant's decision to deny benefits was influenced by its conflict of interest.

12. Defendant LINCOLN NATIONAL has failed to apply the provisions of the plan consistently with respect to similarly situated claimants.

13. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

14. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

15. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

16. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h), and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

17. Plaintiff has exhausted his administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

18. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against LINCOLN NATIONAL

19. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

20. Mr. Young was and is "disabled," as the term was defined in the short-term disability insurance policy funded and administered by LINCOLN NATIONAL at all times material hereto.

21. Defendant LINCOLN NATIONAL has failed and refused to pay the Plaintiff,

4

Mr. Young, sums due pursuant to the short-term disability insurance policy funded and administered by LINCOLN NATIONAL, at all times material hereto.

22. Defendant LINCOLN NATIONAL has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the plan.

23. The Plaintiff, Mr. Young, is accordingly entitled to present evidence of his disability under the <u>de novo</u> standard to this Honorable Court.

24. The Plaintiff, Mr. Young is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Young, prays for relief from Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY for benefits due pursuant to the contract of short-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

<u>**COUNT TWO**</u>
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against LINCOLN NATIONAL**

25. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

5

26. Mr. Young was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by LINCOLN NATIONAL at all times material hereto.

27. Defendant LINCOLN NATIONAL has failed and refused to pay the Plaintiff, Mr. Young, sums due pursuant to the disability insurance policy funded and administered by LINCOLN NATIONAL, at all times material hereto.

28. Defendant LINCOLN NATIONAL has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the plan.

29. The Plaintiff, Mr. Young, is accordingly entitled to present evidence of his disability under the <u>de novo</u> standard to this Honorable Court.

30. The Plaintiff, Mr. Young is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Young, prays for relief from Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY for benefits due pursuant to the contract of long-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

## COUNT THREE
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against LINCOLN NATIONAL

31. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically restated therein.

32. Mr. Young is entitled to long-term disability coverage under the long-terrm disability insurance policy which is a subject of this action.

33. Defendant LINCOLN NATIONAL has denied that Mr. Young is entitled to long-term disability insurance benefits under the disability insurance policy which is the subject of this action.

34. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to LINCOLN NATIONAL.

35. Defendant LINCOLN NATIONAL has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1.

36. The Plaintiff, Mr. Young is entitled to a declaration that his long-term disability benefits are payable under the disability insurance plan established by his employer, and is entitled to present evidence of his disability to this effect under the de novo standard.

37. The Plaintiff, Mr. Young, is entitled to a declaration that any and all ancillary

benefits which are payable secondary to a finding of disability under the employee benefit plan established by his employer are due and payable, specifically including waiver of premium for life insurance, together with any and all other ancillary benefits.

38.   The Plaintiff, Mr. Young, is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Young, prays for relief from Defendant LINCOLN NATIONAL for reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by THE LINCOLN NATIONAL LIFE INSURANCE COMPANY pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which he may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ William S. Coffman

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff